**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTER DISTRICT OF OKLAHOMA**

KELLY JENKINS,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
v.                                                )        No. CIV-24-1175-JD
                                                  )        Civil Rights Action
CACHE PUBLIC SCHOOLS,                             )
 INDEPENDENT SCHOOL DISTRICT                      ) Arising in Comanche
 NO. 1,                                           County ) TITLE VII/ First
                                                  Amendment )
                    Defendant.                    )

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

## PARTIES

1.    The Plaintiff is Kelly Jenkins, an adult female resident of Comanche County, Oklahoma.

2.    The Defendant is Cache Public Schools, Independent School District No. 1, a political subdivision located in Comanche County, Oklahoma.

## JURISDICTION AND VENUE

3.    This is a cause of action arising from retaliation and harassment for the Plaintiff's reporting of and opposition to sexual harassment of minor school children by a teacher within the Cache School District. Such retaliation and harassment is prohibited by Title VII of the Civil Rights Act of 1964 as well as the First Amendment of the United States Constitution, made actionable by 42 U.S.C. § 1983. Jurisdiction is vested over such action pursuant 28 U.S.C. §§ 1331, 1343(a)(3) and 42 U.S.C. § 2000e-5(f).

4.    Defendant is located in Comanche County, and all acts complained of occurred

in Comanche County. Comanche County is located within the Western District for the United States District Courts of Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.    At all pertinent times, Plaintiff was an employee of the Defendant working as an agriculture teacher.

6.    At all pertinent times, Defendant employed fifteen (15) or more employees.

7.    Ms. Jenkins at all times satisfactorily performed her teaching responsibilities.

8.    Ms. Jenkins' teaching position continues to exist.

9.    On or about July 16, 2024, Defendant terminated the Plaintiff's employment in retaliation for her continued reporting of and opposition to sexually harassing conduct by a male teacher against minor female students.

10.    The termination action was taken by the Defendant's school board, which is its controlling authority and which has final hiring and firing authority over teachers including the Plaintiff.

11.    On approximately August 15, 2019, a fellow teacher, Pete Dempsey, started asking the Plaintiff inappropriate questions of a sexual nature.  This happened almost daily from August 2019 through approximately February 25, 2022.

12.    Plaintiff told Mr. Dempsey to stop this behavior and, when he did not, Plaintiff reported the behavior to the School Superintendent, Chad Hance. Mr. Hance stated that he would take care of it, but he took no disciplinary or other corrective action to Plaintiff's knowledge.

13.    After Plaintiff's report, Mr. Dempsey stopped making sexual comments to the Plaintiff, but he retaliated against the Plaintiff and harassed the Plaintiff by

2

barging into Plaintiff's class room for no educational purpose, peeking through curtains into her class room, giving instructions to Plaintiff's students that contradicted Plaintiff's instructions, and by telling various people that he was going to get Plaintiff fired.

14. Plaintiff reported this harassing and retaliatory behavior to the School Superintendent and the High School principal, but no corrective action was taken.

15. Around March, 2023, Plaintiff became aware of and reported inappropriate sexual behavior by Mr. Dempsey toward female students and female parents of students.  As non-exclusive examples of such conduct, Plaintiff reported that:

- Mr. Dempsey showed an employee of the school a topless photo on his phone of what was reported to be a student.

- Mr. Dempsey had asked a female student (MH) to discuss the dress of waitresses at the "Back Porch" and asked if she worked there.

- A female student (VC) reported that on a highschool trip Mr Dempsey was inappropriately sexually texting a female staff member

- Mr. Dempsey had made unwelcome sexual overtures towards a female parent (CC).

- Another female student (TS) reported that she was concerned about the emotional safety of his female students.

16. Such conduct and the lack of corrective action significantly added to a work environment which was objectively hostile and which Plaintiff felt to be hostile and abusive.

17. Although the Defendant purported to investigate such conduct, the Defendant did not interview the students which Plaintiff identified, and did not even ask to view Mr. Dempsey's phone.

18. As part of pursuing the reports of sexual misconduct, Plaintiff filed grievances and pushed for a proper investigation of the misconduct and also made such reports to law enforcement authorities.

19. The response of Defendant, through its supervisors, was continued harassment and retaliation. As an example, on or about February 22, 2024, the Superintendent of the School came to Plaintiff's classroom and was physically threatening and yelling at Plaintiff in front of students.

20. On April 17, 2024, Plaintiff was notified in writing that the Defendant was terminating her employment.

21. On May 21, 2024, Plaintiff was placed on administrative leave by the Defendant.

22. On July 16, 2024, the Defendant terminated the Plaintiff's employment.

23. The actions described above violated Title VII by creating a hostile environment toward the Plaintiff and by retaliating against her for her protected opposition to sexually harassing conduct.

24. Plaintiff's reports to law enforcement regarding sexual misconduct directed by an adult male teacher toward underage female students and the female mothers of students are on a matter of public concern. Such reports have been publicly reported in the local news media.

25. In making her reports to law enforcement, Plaintiff was acting in her capacity as a private citizen and was not carrying out duty imposed on her by the

Defendant.

26. Plaintiff's reports were protected by the First Amendment, and Defendant's acts of retaliation violated her rights under the First Amendment.

27. As the direct result of Defendant's violation of Plaintiff's rights under Title VII, Plaintiff has suffered lost earnings, past, present, and future, together with suffering emotional distress and dignitary harms, for which she is entitled to compensation.

28. As the direct result of Defendant's violation of Plaintiff's rights under First Amendment, Plaintiff has suffered lost earnings, past, present and future, together with suffering emotional distress and dignitary harms for which she is entitled to compensation.

29. Plaintiff timely filed a charge of discrimination with the EEOC on or about March 22, 2024. On or about June 14, 2024, Plaintiff amended by charge of discrimination to show additional acts of harassment including her threatened termination. On or about August 6, 2024, Plaintiff amended the charge to reflect her termination by the Defendant.

30. On or about September 30, 2024, the EEOC issued Plaintiff notice of her right to sue. This action is brought within ninety (90) days of the issuance of such notice.

## **PRAYER**

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants on both her Title VII claims and her Sec. 1983 claim, and award compensatory damages together with any appropriate equitable relief, pre- and postjudgment interest, costs, and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 13th DAY OF NOVEMBER, 2024.**

s/Mark Hammons
HAMMONS, HURST & ASSOC
325 Dean A. McGee
OKLAHOMA CITY, OK 73102
Ph:    (405) 235-6100
Fax:   (405) 235-6111
Email: assistant@hammonslaw.com

JURY TRIAL DEMANDED